## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHANE REIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-1819** |
| **NOBLE CORPORATION, ET AL.** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion to strike expert witnesses filed by defendant, Noble Drilling Corporation ("Noble").[1]  Plaintiff, Shane Reis, has filed an opposition.[2]  For the following reasons, the motion is **DENIED**.

### *BACKGROUND*

Reis filed suit against Noble on June 25, 2010 to recover damages for back injuries he sustained when an elevator in which he was a passenger jammed and came to a sudden stop.[3]  On September 3, 2010, this Court issued a scheduling order setting forth various pretrial deadlines and a trial date.[4]  The scheduling order required plaintiff to provide written reports of his expert witnesses no later than Friday, December 3, 2010.[5] The scheduling order also provided that "[a]ll pretrial motions, including motions *in limine* regarding the admissibility of expert testimony, shall be filed and served in sufficient time to permit hearing thereon no later than Wednesday, February 2, 2011."[6]

---

[1] R. Doc. No. 54.
[2] R. Doc. No. 61.
[3] R. Doc. No. 1.
[4] R. Doc. No. 6.
[5] R. Doc. No. 6. ("Written reports of experts, as defined by Federal Rule of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than Friday, December 3, 2010.").
[6] R. Doc. No. 6.

1

On March 3, 2011, the Court continued the trial date for this case because Reis was scheduled to undergo spinal surgery.[7] The Court also extended the deadline for discovery with respect to the amount of Reis's damages.[8]  The order further provided that "[a]ll previously scheduled deadlines, including the motions deadline, shall remain unchanged except as set forth herein." [9]

On August 17, 2011, more than six months after the motions deadline, Noble filed the present motion to strike three of Reis's expert witnesses: Tom Meunier (Vocation Rehabilitation Specialist), Randy Rice (Forensic Economist), and Geoff Webster (Naval Architect and Marine Engineer).[10]  Noble requests that the Court exclude any proposed testimony of these witnesses because Reis did not provide reports for these experts by the deadline established in the scheduling order.[11]

Reis filed an opposition to the motion to strike on the ground that it was filed after the motions deadline passed.[12]  Reis further argues that final reports of his damages experts cannot be prepared until after he undergoes surgery for his injuries.[13]  Additionally, Reis claims that his failure to timely provide the report of his liability expert would result in no prejudice to Noble if the trial date were continued until after he obtained surgery.[14]

On September 23, 2011, the Court held a status conference and was informed that Reis had not yet been able to obtain surgery for his injuries.[15]  The Court continued the trial date for a second time and also extended the deadline for Reis to provide the written report of his liability

---

[7] R. Doc. No. 39 p. 1.
[8] R. Doc. No. 39 p. 2.
[9] R. Doc. No. 39 p. 1.
[10] R. Doc. No. 54; R. Doc. No. 49.
[11] R. Doc. No. 54.
[12] R. Doc. No. 61 pp. 2-3.
[13] R. Doc. No. 61 pp. 4-7.
[14] R. Doc. No. 61 pp. 6.
[15] R. Doc. No. 67.

expert to Monday, October 24, 2011.[16] As a result, the only issue remaining in the motion to strike is whether the testimony of Reis's damages experts, Tom Meunier and Randy Rice, should be excluded.

### *LAW & ANALYSIS*

Rule 16 grants the Court the authority to control and expedite pretrial discovery through a scheduling order and provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b).  Pursuant to Rule 16, the Court has "broad discretion" to enforce its scheduling order.  *See Geiserman v. MacDonald,* 893 F.2d 787, 790 (5th Cir. 1990) ("[O]ur court gives the trial court 'broad discretion to preserve the integrity and purpose of the pretrial order.'") (quoting *Hodges v. United States,* 597 F.2d 1014, 1018 (5th Cir. 1979)).  The Fifth Circuit has identified four factors a court should consider in exercising its discretion to exclude expert testimony for failure to timely submit expert reports: (1) the party's explanation for its failure to timely submit its expert reports; (2) the importance of the proposed testimony; (3) any potential prejudice in allowing the admission of the testimony; and (4) the availability of a continuance to cure such prejudice.  *See Versai Mgmt. Corp. v. Clarendon Am. Ins. Co.*, 597 F.3d 729, 740 (5th Cir. 2010) (citing *Geiserman,* 893 F.2d at 791).

Noble has not established that any proposed testimony of Reis's damages experts should be excluded.  First, the motion to strike expert witnesses is untimely because it was filed more than six months after the motions deadline passed.  Second, the Court extended the discovery deadline with respect to damages when it continued the trial date on March 3, 2011 due to Reis's anticipated spinal surgery.[17]  Third, even if the discovery deadline had not been extended, good cause to admit the testimony of Reis's damages experts would exist.  Reis has adequately

---

[16] R. Doc. No. 67 p. 1.
[17] R. Doc. No. 39 p. 2.

3

explained that he could not obtain the final report of his economist or vocational rehabilitation expert prior to obtaining surgery.  The testimony of the damages experts would clearly be important to the presentation of Reis's case.  Noble will suffer no prejudice from the admission of this testimony as the discovery deadline with respect to damages has been extended and counsel will have an adequate opportunity to prepare for trial.  Finally, any prejudice was cured when the Court continued the trial date on September 23, 2011.[18]  In sum, the Court finds that Noble's untimely motion to strike expert witnesses has not established that the testimony of Reis's damages experts should be excluded.

Accordingly,

**IT IS ORDERED** that Noble's motion to strike expert witnesses is **DENIED**.

New Orleans, Louisiana, October 11, 2011.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[18] R. Doc. No. 67.